UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES, for the use of
VALLEY CREST LANDSCAPE, INC., a
California corporation,

    *Plaintiff*,

vs.

ODF/HOON/PEABODY, a Joint Venture
consisting of O.D.F. CONTRACTING CO., INC.,
a Massachusetts corporation, HOON
CONSTRUCTION SERVICES, INC., a
Massachusetts corporation, and PEABODY
CONSTRUCTION CO., INC., a Massachusetts
corporation and TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, a
Connecticut corporation,

    *Defendants*.

MAGISTRATE JUDGE _____

Civil Action No. _____

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3/23/05

## COMPLAINT

Plaintiff, the United States, brings this case pursuant to 40 U.S.C. §3131 *et seq.* for the use of Valley Crest Landscape, Inc. ("ValleyCrest"), and for its Complaint against Defendants, ODF/Hoon/Peabody, a joint venture consisting of O.D.F. Contracting Co., Inc., Hoon Construction Services, Inc. and Peabody Construction Co., Inc. (collectively "the Joint Venture"), and Travelers Casualty and Surety Company of America ("Travelers"), states as follows:

### NATURE OF THE CASE

(1) This case arises out of the failure of the Joint Venture to pay for services rendered and materials supplied under a subcontract between ValleyCrest and the Joint Venture dated May 7, 2003 ("Contract").

(2) The Joint Venture is the prime contractor, under contract with the United States Department of Housing and Urban Development ("HUD"), acting through the Massachusetts Housing Finance Agency ("MHFA") as its agent, for the construction of a

project known as Academy Homes II located in Boston, Massachusetts ("the Project"). Said prime contract is for an amount greater than $100,000.00.

(3)    The Joint Venture is the principal on a bond in the amount of $45,367,275.00 ("the Bond"), the purpose of such Bond to be to guarantee payment to those persons supplying labor and furnishing materials in the prosecution of the Joint Venture's prime contract. Travelers is the surety on the Bond.

(4)    The Miller Act (40 U.S.C. §3131 *et seq.*) is applicable to this action.

(5)    By reason of ValleyCrest's furnishing of materials and services under its subcontract with the Joint Venture, ValleyCrest is a person protected by the Miller Act.

(6)    Proper and timely notice was given by ValleyCrest to the Joint Venture, MHFA and Travelers stating that a claim was being made under the Bond and stating with substantial accuracy the amount of the claim.

(7)    The prime contract between HUD, acting through MHFA, and the Joint Venture was for the construction, alteration or repair of a public building or public work of the United States.

(8)    The Joint Venture has received $106,827.20 for work performed by ValleyCrest which the Joint Venture is obligated to pay over to ValleyCrest but has failed to do so.

(9)    ValleyCrest is also owed $31,605.00 for additional work performed at the request of the Joint Venture and $65,858.90 in retainage being held by the Joint Venture or the MHFA.

(10)    ValleyCrest provided the materials and fully performed the services as required under the subcontract with the Joint Venture, yet there remains an outstanding balance owed by the Joint Venture to ValleyCrest of $204,291.10.

(11)    ValleyCrest last performed labor or furnished materials under its subcontract with the Joint Venture more than 90 days, but less than one year, prior to the filing of this Complaint.

**JURISDICTION AND VENUE**

(12)    Jurisdiction in the United States District Courts is as authorized by 40 U.S.C. §3133.

(13) Venue is appropriate in the United States District Court for the District of Massachusetts pursuant to 40 U.S.C. §3133 because the prime contract and subcontract have been performed in Suffolk County, Massachusetts.

(14) Jurisdiction of this action is also predicated on 28 U.S.C. §1332 in that the parties are diverse and the amount in controversy exceeds $75,000.

## COUNT I – BREACH OF CONTRACT

(15) ValleyCrest restates the prior allegations of this complaint as though fully set forth herein.

(16) ValleyCrest properly and timely performed its obligations under the subcontract.

(17) The Joint Venture breached its obligations under the subcontract by failing to make payments as required thereunder.

(18) Despite repeated demands therefor, the Joint Venture has failed and refused to make payment to ValleyCrest.

(19) The balance due ValleyCrest from the Joint Venture pursuant to the subcontract is $204,291.10.

(20) All conditions precedent to the maintenance of this action have been performed.

## COUNT II – QUANTUM MERUIT

(21) ValleyCrest restates the prior allegations of this complaint as though fully set forth herein.

(22) ValleyCrest substantially completed the obligations of the subcontract in good faith.

(23) The fair value of the equipment and services provided by ValleyCrest to the Joint Venture for the Project for which the Joint Venture has not made payment is $204,291.10.

(24) Despite repeated demands therefore, the Joint Venture has failed and refused to make payment to ValleyCrest.

## COUNT III – ACTION ON MILLER ACT SURETY BOND

(25) ValleyCrest restates the prior allegations of this complaint as though fully set forth herein.

(26) Pursuant to 40 U.S.C. §3131 *et seq.*, Travelers, as surety, and the Joint Venture, as principal, issued and delivered to HUD, acting through MHFA, the Bond guaranteeing payment for all labor, materials and equipment furnished for use in the performance of the general contract between the Joint Venture and HUD, all as more fully set forth therein.

(27) ValleyCrest is owed $204,291.10 for labor, materials and equipment, furnished for use in the performance of the general contract.

(28) All conditions precedent to the maintenance of this action have been performed including the giving of notice and the making of demand on Travelers.

## COUNT IV – VIOLATIONS OF M.G.L. CHS. 176D AND 93A BY TRAVELERS

(29) ValleyCrest restates the prior allegations of this complaint as though fully set forth herein.

(30) The Payment Bond states, in pertinent part, as follows:

4. The Surety shall have no obligation to Claimants under the Bond until:

> 4.1 Claimants who are employed by or have a direct contract with the Contractor have given written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim...

6. When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

> 6.1 Send as answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

> 6.2 Pay or arrange for payment of any undisputed amounts.

(31) On November 16, 2004, ValleyCrest gave written notice to the Surety and sent a copy to the Owner and the Joint Venture stating that a claim was being made under the Bond and stating with substantial accuracy the amount of the claim. The November 16, 2004 letter also requested Travelers to independently investigate ValleyCrest's claims pursuant to Massachusetts General Laws, ch. 176D and other applicable statutes.

(32) On December 10, 2004, ValleyCrest sent a second letter to Travelers and the Joint Venture reiterating ValleyCrest's demand for immediate payment and that Travelers make an independent investigation of ValleyCrest's claims pursuant to Massachusetts General Laws, ch. 176D and other applicable statutes.

(33) On January 19, 2005, ValleyCrest sent a letter to the Joint Venture and Travelers stating that Travelers has violated Massachusetts General Laws, ch. 176D, §3(9) and committed unfair claim settlement practices including failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; and failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(34) Travelers failed to respond to ValleyCrest's written notice of claim within 45 days after receipt of the claim.

(35) Travelers failed to respond to ValleyCrest's letters of December 10, 2004 and January 19, 2005.

(36) Travelers has failed to pay ValleyCrest's claims or to state the amounts that are undisputed and the basis for challenging any amounts that are disputed.

(37) Massachusetts General Laws, ch. 176D, 3(9), which governs surety bonds issued in the Commonwealth, defines as unfair insurance claim settlement practices:

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies...

(c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear...

(38) The actions and failures to act of Travelers constitute knowing and willful violations of the foregoing provisions of M.G.L. ch. 176D.

(39) The actions and failures to act of Travelers also constitute knowing and willful violations of the provisions of M.G.L. ch. 93A, §§ 2 and 11.

(40) All conditions precedent to the maintenance of this action have been performed.

### COUNT V – VIOLATIONS OF M.G.L. CH. 93A BY THE JOINT VENTURE

(41) ValleyCrest restates the prior allegations of this complaint as though fully set forth herein.

(42) The failure of the Joint Venture to pay over to ValleyCrest, after demand, funds received by the Joint Venture from HUD for ValleyCrest's work constitutes an unfair and deceptive act or practice in violation of Massachusetts General Laws, ch. 93A, §§2 and 11.

(43) All conditions precedent to the maintenance of this action have been performed.

**WHEREFORE,** the Plaintiff prays the court:

(1) To enter judgment on Count I of this complaint against O.D.F. Contracting Co., Inc., Hoon Construction Services, Inc., and Peabody Construction Co., Inc., jointly and severally, in the amount of $204,291.10 with interest and costs;

(2) To enter judgment on Count II of this complaint against O.D.F. Contracting Co., Inc., Hoon Construction Services, Inc., and Peabody Construction Co., Inc., jointly and severally, in the amount of $204,291.10 with interest and costs;

(3) To enter judgment on Count III of this complaint against Travelers Casualty and Surety Company of America in the amount of $204,291.10 with interest and costs;

(4) To enter judgment on Count IV of this complaint against Travelers Casualty and Surety Company of America in the amount of $204,291.10, doubled or trebled pursuant to M.G.L. ch. 93A, with interest, costs and attorney's fees;

(5) To enter judgment on Count V of this complaint against O.D.F. Contracting Co., Inc., Hoon Construction Services, Inc., and Peabody Construction Co., Inc., jointly and severally, in the amount of $204,291.10, doubled or trebled pursuant to M.G.L. ch. 93A, with interest, costs and attorney's fees; and

(6) For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff duly demands a trial by jury as to all triable matters set forth herein.

                              For the plaintiff,
                              Valley Crest Landscape, Inc.,
                              By its attorneys,
                              Law Offices of Warren H. Brodie, P.C.,

                              By: _/s/ Warren H. Brodie_____
                              WARREN H. BRODIE
                              40 Grove Street
                              Wellesley, MA 02181
                              (781) 235-1100
                              BBO # 058000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

1. Title of case (name of first party on each side only)  United States f/u/o Valley Crest Landscape, Inc. v.
   O.D.F. Contracting Co., Inc.

   2005 MAR 23  P 12: 22

   U.S. DISTRICT COURT
   DISTRICT OF MASS

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☑  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☑      Central Division ☐      Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Warren H. Brodie; Law Offices of Warren H. Brodie, P.C.
ADDRESS  40 Grove Street, Wellesley, MA 02482
TELEPHONE NO.  781-235-1100

(CategoryForm.wpd - 2/15/05)

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES, for the use of
Valley Crest Landscape, Inc.,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Warren H. Brodie, Law Offices of Warren H. Brodie, P.C.; 40 Grove St., Wellesley, MA 02482; 781-235-1100

## DEFENDANTS
O.D.F. Contracting Co., Inc., Hoon Construction Services, Inc., Peabody Construction Co., Inc., Travelers Casualty and Surety

County of Residence of First Listed Defendant   Suffolk County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

Also under TORTS/PERSONAL INJURY:
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. s. 270a-270f

Brief description of cause:
Miller Act claim by subcontractor against general contractor and surety

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 204,291.10
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: March 22, 2005
SIGNATURE OF ATTORNEY OF RECORD: Warren H Brodie

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____