UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES, for the use of          )
VALLEYCREST LANDSCAPE DEVELOPMENT, INC., a )
California corporation,                 )
                                        )
                Plaintiff,              )
                                        )
v.                                      )
                                        )
ODF/HOON/PEABODY, a Joint Venture       )    C.A. 05-10552
consisting of O.D.F. CONTRACTING CO., INC., )
a Massachusetts corporation, HOON       )
CONSTRUCTION SERVICES, INC., a Massachusetts )
Corporation, PEABODY CONSTRUCTION CO., INC., )
a Massachusetts corporation and TRAVELERS )
CASUALTY AND SURETY COMPANY OF AMERICA, a )
Connecticut corporation                 )
                                        )
                Defendants.             )
                                        )
```

<u>ODF/HOON/PEABODY's, a Joint Venture, ANSWER TO THE COMPLAINT</u>

The defendant, ODF/Hoon/Peabody, a Joint Venture (the "Joint Venture"), answers the Complaint, paragraph by paragraph, as follows:

<u>NATURE OF CASE</u>

1.  The Joint Venture denies the truth of the allegations set forth in paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint references a written document, which speaks for itself and to which no response is required. Further answering, the Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

3.   Paragraph 3 of the Complaint references a written document, which speaks for itself and to which no response is required. Further answering, the Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

4.   Paragraph 4 of the Complaint states a conclusion of law, to which no response is required. Further answering, the Joint Venture admits the truth of the allegations in paragraph 4 of the Complaint.

5.   Paragraph 5 of the Complaint states a conclusion of law, to which no response is required. Further answering, the Joint Venture is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.   The Joint Venture denies the truth of the allegations set forth in paragraph 6 of the Complaint.

7.   Paragraph 7 of the Complaint references a written document, which speaks for itself and to which no response is required. Further answering, the Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

8.   The Joint Venture denies the truth of the allegations set forth in paragraph 8 of the Complaint.

9. The Joint Venture denies the truth of the allegations set forth in paragraph 9 of the Complaint.

10. The Joint Venture denies the truth of the allegations set forth in paragraph 10 of the Complaint.

11. The Joint Venture denies the truth of the allegations set forth in paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Complaint states a conclusion of law, to which no response is required. Further answering, the Joint Venture is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a conclusion of law, to which no response is required. Further answering, the Joint Venture is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a conclusion of law, to which no response is required. Further answering, the Joint Venture is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

## COUNT I-BREACH OF CONTRACT

15. The Joint Venture repeats and re-avers its answers to paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. The Joint Venture denies the truth of the allegations set forth in paragraph 16 of the Complaint.

17. The Joint Venture denies the truth of the allegations set forth in paragraph 17 of the Complaint.

18. The Joint Venture denies the truth of the allegations set forth in paragraph 18 of the Complaint.

19. The Joint Venture denies the truth of the allegations set forth in paragraph 19 of the Complaint.

20. The Joint Venture denies the truth of the allegations set forth in paragraph 20 of the Complaint.

## COUNT II-QUANTUM MERUIT

21. The Joint Venture repeats and re-avers its answers to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. The Joint Venture denies the truth of the allegations set forth in paragraph 22 of the Complaint.

23. The Joint Venture denies the truth of the allegations set forth in paragraph 23 of the Complaint.

24. The Joint Venture admits that the Joint Venture has not made payment to the plaintiff but denies the truth of the

remaining allegations set forth in paragraph 24 of the Complaint.

### COUNT III-ACTION ON MILLER ACT SURETY BOND

25. The Joint Venture repeats and re-avers its answers to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Paragraph 26 of the Complaint references a written document, which speaks for itself and to which no response is required. The Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

27. The Joint Venture denies the truth of the allegations set forth in paragraph 27 of the Complaint.

28. The Joint Venture denies the truth of the allegations set forth in paragraph 28 of the Complaint.

### COUNT IV-VIOLATIONS OF M.G.L. CHS 176D AND 93A BY TRAVELERS

29. The Joint Venture repeats and re-avers its answers to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Paragraph 30 of the Complaint references a written document, which speaks for itself and to which no response is required. The Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

31. Paragraph 31 of the Complaint references a written document, which speaks for itself and to which no response is required. The Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

32. Paragraph 32 of the Complaint references a written document, which speaks for itself and to which no response is required. The Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

33. Paragraph 33 of the Complaint references a written document, which speaks for itself and to which no response is required. The Joint Venture denies the allegations to the extent they are inconsistent with the terms and conditions of the written document.

34. The Joint Venture denies the truth of the allegations set forth in paragraph 34 of the Complaint.

35. The Joint Venture denies the truth of the allegations set forth in paragraph 35 of the Complaint.

36. The Joint Venture admits that Travelers did not pay the plaintiff's claims but denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states conclusions of law, to which no response is required. Further answering, the

Joint Venture denies the truth of the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states conclusions of law, to which no response is required. Further answering, the Joint Venture denies the truth of the allegations in paragraph 38 of the Complaint.

39. The Joint Venture denies the truth of the allegations set forth in paragraph 39 of the Complaint.

40. The Joint Venture denies the truth of the allegations set forth in paragraph 40 of the Complaint.

COUNT V-VIOLATIONS OF M.G.L. CH. 93A BY THE JOINT VENTURE

41. The Joint Venture repeats and re-avers its answers to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Paragraph 42 of the Complaint states conclusions of law, to which no response is required. Further answering, the Joint Venture denies the truth of the allegations in paragraph 42 of the Complaint.

43. The Joint Venture denies the truth of the allegations set forth in paragraph 43 of the Complaint.

WHEREFORE, the Joint Venture demands that the Complaint be dismissed, with prejudice, and that it be awarded all costs and attorney's fees incurred in responding to same.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Joint Venture upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint against the Joint Venture is barred by the doctrines of offset and recoupment.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged damages result from the acts and/or omissions of parties over whom the Joint Venture has no control.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff failed to comply with G.L. c. 149, § 29 and, therefore, is not entitled to recover.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claim under G.L c. 149, § 29 is barred by the terms of the payment bond issued by Travelers.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because the plaintiff's actions are the sole and proximate cause of the alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the terms of its subcontract with the Joint Venture.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by its material breaches of its subcontract with the Joint Venture.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff failed to substantially complete its work on the Project and, therefore, is not entitled to recover.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Equitable Doctrine of Unclean Hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint against the Joint Venture is barred by the Doctrine of Laches.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claim for damages is barred by the "pay-when-paid" clause contained in the subcontract between the Joint Venture and Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint against the Joint Venture is barred by the Doctrine of Waiver.

                                     ODF/HOON/PEABODY, a Joint Venture
                                     By its attorneys,

*[signature: E.A. Howard]*

                                     John J. McNamara
                                     BBO No. 557882
                                     Eric A. Howard
                                     BBO No. 640330
                                     DOMESTICO, LANE & McNAMARA, LLP
                                     161 Worcester Road
                                     Framingham, MA 01701
April 29, 2005                     (508) 626-9000

## CERTIFICATE OF SERVICE

    I, Eric A. Howard, hereby certify that on April 29, 2005, the foregoing was served via first class mail, postage prepaid, on the following:

Warren H. Brodie, Esquire      Jonathan C. Burwood, Esquire
40 Grove Street                     Cetrulo & Capone, LLP
Wellesley, MA 02482             Two Seaport Lane
                                       Boston, MA 02210

                                     *[signature]*
                                     Eric A. Howard